*CINCINNATI TRACTION CO. v. DORENKEMPER, ADMRX.

1. APPLICATION OF DOCTRINE OF LAST CHANCE NOT WARRANTED IN ABSENCE OF AVERMENTS OF SUCH NEGLIGENCE.

An instruction that failure of a motorman to stop a street car, when by the exercise of ordinary care, he could have seen the driver of a horse and buggy after he had started, without negligence, upon the track and in time to stop it before striking such driver, is actionable negligence, cannot be sustained upon averments that such car was operated at a dangerous rate of speed, without warning or signal given, and with lights and headlights extinguished as it approached a street intersection.

2. SPECIAL CHARGES OMITTING CONDITIONS NECESSARY TO A DETERMINATION OF QUESTION OF NEGLIGENCE.

An instruction, that no recovery can be had if the motorman gave the signal by ringing his gong, and as soon as deceased started to cross the track, applied his brake and used every effort to stop the car, ignores questions of speed, lights of the car, time and place of ringing the gong as acts of negligence and is properly refused in an action charging excessive speed, want of lights and warning by a street car approaching a street intersection. So also is an instruction that if deceased started to cross the track when the car was so near that it was impossible for the motorman, by the exercise of ordinary care, to avoid the collision after he became aware of the peril of deceased.

3. CHARGE WARRANTED BY EVIDENCE.

The belief of the decedent that he had time to clear the tracks and its reasonableness must be determined, not from the direct testimony alone, but from all the circumstances surrounding him at that time; and where the evidence warranted such an instruction, it will not be deemed prejudicial even if no issue of contributory negligence was tendered by the pleadings.

*Reversing *Dorenkemper* v. *Traction* Co. 19 Dec. 181.

4. VERDICT OF $6,000 FOR WRONGFUL DEATH OF THE PROPRIETOR OF A BUTCHER SHOP HELD EXCESSIVE.

A verdict of $6,000 for the wrongful death of a butcher, running his own shop, and though he is a strong healthy man, capable of doing, and earning money at such work if well directed, in the absence of evidence as to his thrift or success in such business, or to what extent he provided for his family, will be deemed excessive.

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

**Kittredge & Wilby,** for plaintiff in error.

**Horstman & Horstman,** for defendant in error.

## GIFFEN, J.

The negligence charged in the petition is—

1. The car was at the time operated at an excessive and dangerous rate of speed.

2. Without any warning or signal having been given of its approach towards said point of intersection.

3. That prior to the approach of said car to said point of intersection defendant caused the lights and headlight of said car to be extinguished so that plaintiff's intestate was unable to see its approach.

The second special instruction requested by the defendant and refused by the court is as follows:

"If the preponderance of the evidence shows that the motorman gave the signal by ringing his gong, and as soon as the deceased started to cross the track applied his brake and used every effort to stop the car, your verdict should be for the defendant."

This charge ignores the question of speed, lights of the car and the time and place of ringing the gong, hence properly refused.

The eighth special instruction requested by the defendant and refused by the court is as follows:

"If the jury find that the deceased started to go onto the track when the car was so near that it was impossible for the motorman, by the exercise of ordinary care, to stop the car without a collision, the verdict should be for the defendant, provided that the jury find that there was nothing to indicate to the motorman that the deceased intended to attempt to cross until he started to go onto the track."

Under this charge the defendant could be guilty of every act of negligence charged in the petition, and yet be released from liability, provided it was impossible for the motorman to avoid a collision, after he became aware of Dorenkemper's peril. It was properly refused.

The general charge of the court contained the following:

Traction Co. v. Dorenkemper.

"The court charges you that if you find from all the evidence that the motorman who had charge of the car which struck the plaintiff's intestate could, by the exercise of ordinary care, have seen the plaintiff's intestate after he started upon the tracks, and in time to stop the car before it struck him, and that by reason of the failure to stop the car said plaintiff's intestate was injured, it would be such negligence on the part of the defendant as would enable the plaintiff to recover, provided that the plaintiff's intestate was free from negligence on his part."

This was clearly erroneous and prejudicial because no such negligence is averred in the petition. *Drown* v. *Traction Co.* 76 Ohio St. 234 [81 N. E. Rep. 326; 10 L. R. A. (N. S.) 421; 118 Am. St. Rep. 844].

The general charge contained also the following:

"You have a right in making your estimation of the damages, if you so do, to look to the pecuniary benefit that the wife and children would probably have derived from Henry Dorenkemper, if he had not lost his life, and in assessing such damages you may look to the manner of man that Henry Dorenkemper was, his occupation and ability to earn money and to acquire property."

His occupation was that of a butcher, and the evidence tended to prove that he was a strong, healthy man, capable of doing the work of a butcher and earning money at such work if well directed; but the decedent had for many years conducted his own butcher shop, and the record is silent as to his thrift of success in such business except as may be inferred from the length of time he continued it. Nor does the evidence show to what extent he provided for his family except by inference only. We think, however, that the evidence was sufficient to justify the charge given, but not the verdict for such a large sum as $6,000.

The general charge contained also the following instruction:

"If you find from the evidence that plaintiff's intestate could have seen the car and would have seen it in the exercise of ordinary care, then you should find for the defendant, unless you find further that he had reason to believe that he had sufficient time to clear the tracks before the car reached the place where he was attempting to cross."

His belief that he had sufficient time to clear the tracks and its reasonableness must be determined, not only from the direct testimony, but from the situation of the parties and the circumstances surrounding. We think, therefore, that the evidence warranted the charge, although the pleading did not, as no issue of contributory negligence was ten-

dered, hence not prejudicial to plaintiff in error., *Cincinnati Traction Co.* v. *Forrest*, 73 Ohio St. 1 [75 N. E. Rep. 818]. The absence of such issue prevents us also from weighing the evidence in support of it.

Judgment reversed and cause remanded for new trial.

**Swing** and **Smith, JJ.,** concur.